United States District Court
Southern District of Texas
**ENTERED**
July 27, 2022
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| IN RE: COVIA HOLDINGS CORPORATION, *et al*, Debtors. | § § § § CIVIL ACTION NO. 4:22-cv-02260 |
| COVIA HOLDINGS CORPORATION, Plaintiff, | § § § § § § § |
| vs. | § JUDGE CHARLES ESKRIDGE § § |
| SAND REVOLUTION II LLC, *et al*, Defendants. | § § § § |

## ORDER ADOPTING
## REPORT AND RECOMMENDATION

Pending is a motion by Plaintiff Covia Holdings Corporation to withdraw the reference to the bankruptcy court in this adversary proceeding. Dkt 2. Bankruptcy Judge David R. Jones by Report and Recommendation recommends that the motion be denied in its entirety. Dkt 1.

Section 157(a) of Title 28 states, "Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." The Southern District of Texas provides for the automatic referral of such cases to the bankruptcy judges of this district. See General Order 2012-6.

Section 157(d) then provides for both mandatory and permissive withdrawal of that reference:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

The party seeking withdrawal of the reference bears the burden of establishing cause. *In re Morrison*, 409 BR 384, 389 (SD Tex 2009). The Fifth Circuit instructs district courts to apply six factors to determine whether permissive withdrawal of the reference is appropriate. *Holland America Insurance Co v Succession of Roy*, 777 F2d 992, 999 (5th Cir 1985). By this, the decision must demonstrate a "sound, articulated foundation." Id at 998.

Covia Holdings doesn't assert that withdrawal of the reference is mandatory here. See Dkt 2 at 5. As to permissive withdrawal of the reference, review of the Report and Recommendation discloses thorough and thoughtful analysis of the required *Holland* factors towards conclusion and recommendation that the motion by Covia for withdrawal of the reference be denied. Dkt 1. No party filed objections. Defendant Sand Revolution II LLC and Fevid Transport LLC filed a notice indicating disagreement with the conclusion but expressly noting it wouldn't submit objections pursuant to Rule 9033(b). See Dkt 3.

The Report and Recommendation of the Bankruptcy Judge has been reviewed and determined to be correct. It is thus ADOPTED as the Memorandum and Order of this Court. Dkt 1.

The motion by Plaintiff Covia Holdings Corporation for withdrawal of the reference is DENIED. Dkt 2.

All further and related proceedings shall continue before the Bankruptcy Court.

SO ORDERED.

Signed on July 27, 2022, at Houston, Texas.

*[signature: Chas R Eshridge II]*
Hon. Charles Eskridge
United States District Judge